The Request below is hereby signed. The Clerk shall forward the Request to the Clerk of the District Court for transmission to the Chief Judge of the District Court or to the Chief Judge's designee. Dated: January 9, 2007.



/s/ S. Martin Teel, Jr.
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| CAMBRIDGE CAPITAL GROUP, ) | Case No. 03-01178 |
| INC., ) | (Chapter 7) |
| ) | |
| Debtor. | CASE NUMBER 1:07MS00019 |
| _____ | |
| | JUDGE: Thomas F. Hogan |
| WILLIAM D. WHITE, CHAPTER 7 | |
| TRUSTEE, | DECK TYPE: Miscellanous |
| | |
| Plaintiff, | DATE STAMP: 01/11/2007 |
| ) | |
| v. ) | Adversary Proceeding No. |
| ) | 06-10008 |
| THOMAS SQUARE ASSOCIATES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

REQUEST TO THE DISTRICT COURT TO SPECIALLY
DESIGNATE THE BANKRUPTCY JUDGE TO CONDUCT A JURY
TRIAL IN ADVERSARY PROCEEDING OR, IN THE ALTERNATIVE, TO
<u>WITHDRAW THE THE ADVERSARY PROCEEDING TO THE DISTRICT COURT</u>

Pursuant to DCt.LBR 5011-1, the District Court referred this adversary proceeding to the Bankruptcy Court.[1] Under 28

---

[1] DCt.LBR 5011-1 provides that "[p]ursuant to 28 U.S.C. § 157(a) . . . all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the

U.S.C. § 157(d), the District Court "may withdraw . . . any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." A timely demand was made in the adversary proceeding for a jury trial. Unless the District Court enters an order under 28 U.S.C. § 157(e) specially designating the Bankruptcy Judge assigned the adversary proceeding to conduct the jury trial, only the District Court could conduct the jury trial, and cause would exist to withdraw the proceeding.[2]

Accordingly, the Bankruptcy Court requests that the District Court specially designate the Bankruptcy Judge assigned this adversary proceeding to conduct the jury trial. If the District Court declines to make a special designation, the Bankruptcy Court requests that the District Court withdraw the reference for purposes of conducting the jury trial.

DCt.LBR 5011-2(f) specifically provides that requests to withdraw the reference "shall be referred to the Chief Judge or the Chief Judge's designee for decision . . . ." It

---

Bankruptcy Judge of this District."

[2] The parties agreed on the record at the pretrial conference held on January 9, 2007, that the Bankruptcy Judge may conduct the jury trial. Even with that express consent of the parties, "the bankruptcy judge may conduct the jury trial [only] if specially designated to exercise such jurisdiction by the district court . . . ." 28 U.S.C. § 157(e).

2

follows that when the question of withdrawal of the reference turns on whether the Bankruptcy Judge should be specially designated to conduct the jury trial, the Chief Judge of the District Court (or the Chief Judge's designee) is authorized to decide whether to specially designate the Bankruptcy Judge to conduct the jury trial.

The nature and status of the adversary proceeding are straightforward.  The plaintiff contends that the transfers by the debtor, Cambridge Capital Group, Inc., of amounts totaling $19,750.00 to the defendant, Thomas Square Associates, LLC, are avoidable as preferences under 11 U.S.C. § 547 or as fraudulent transfers under 11 U.S.C. § 548.  The Bankruptcy Court has held a pretrial conference and issued a pretrial order which directs that if the District Court specially designates the Bankruptcy Judge to conduct the jury trial:

- proposed jury voir dire questions and proposed jury instructions shall be submitted by March 23, 2007;
- a hearing to address those matters shall be held on March 28, 2007; and
- a one-day jury trial shall be held on March 30, 2007.

In my experience, bankruptcy trustees (such as this plaintiff) and defendants in this type of avoidance proceeding are able

eventually to reach a settlement. Adhering to the presently scheduled trial date (by authorizing the Bankruptcy Judge to conduct the jury trial) would more likely lead to a prompt consensual resolution of this proceeding than would occur if the reference were withdrawn and a new trial date set. Moreover, authorizing the Bankruptcy Judge to conduct the jury trial would relieve the District Court of the burden of trying an additional case when it already has a heavy docket.

A proposed order is attached that would grant the request to specially designate the Bankruptcy Judge to conduct the jury trial. If that request is not granted, the District Court should withdraw the reference. An alternative proposed order is attached for that purpose.

[Signed and dated above.]


Copies to:

Charles H. Bogino, Esq.
Law Office of Charles H. Bogino
The Concord Bldg.
10605 Concord Street, Suite 410
Kensington, MD 20895
[Counsel for Plaintiff]

Ira C. Wolpert, Esq.
3 Bethesda Metro Center
Suite 530
Bethesda, MD 20814
[Counsel for Defendant]